THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTOBAL PEREZ and BLANCA ESQUEDA,<br><br>                 Plaintiffs,<br><br>       v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                 Defendant. | CASE NO. C19-1426-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion for entry of a protective order (Dkt. No. 17). The Court hereby GRANTS the motion and ENTERS the following protective order:

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This order is consistent with Western District of Washington Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL MATERIAL"

"Confidential Material" includes the following documents and tangible things, whether handwritten or mechanically prepared in paper documents, microfilms, microfiche, computer tapes, computer disks (hard disks, floppy disks, and CD ROM disks), computer printouts, or any other computer storage facility or system, audio or video tapes, that contain trade secret information and/or confidential business information that provides the owner with a competitive advantage in the marketplace and is treated by the owner in ways to prevent public disclosure, or that contain attorney-client privileged or work product protected information, produced or otherwise exchanged:

- Defendant's internal policies and practices;
- Information relating to Defendant's underwriting procedures, including pricing and rating;
- Internal claim analysis;
- Claims handling guidelines;
- Reserving guidelines;
- Reserve and/or reinsurance information;
- Other insureds' claims files or underwriting files; and
- Any and all outside business consulting reports or communications not related to the particular claim at issue in this action.

There may be other categories of documents, and this list may be expanded or narrowed as discovery progresses by Court order or by agreement of the parties.

3. SCOPE

This order governs the handling of all documents, testimony, and all other information, including copies, excerpts, quotations, and summaries thereof (collectively, "Material") produced by the parties in this action. Certain information to be produced in this case involves documents that a party believes contains proprietary information and/or trade secrets or is

protected by attorney-client privilege or the work product doctrine.

The protections conferred by this order cover not only designated Confidential Material but also (1) any information copied or extracted from Confidential Material which contains trade secret and/or confidential business information, material subject to attorney-client privilege, or work product information; (2) all copies, excerpts, summaries, or compilations of Confidential Material that contains trade secret and/or confidential business information, material subject to attorney-client privilege, or work product information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this order do not cover information that is in the public domain, that becomes part of the public domain through trial or otherwise, or that does not qualify as trade secret, attorney-client privileged information, or work product information. The party designating material as confidential must perform a good-faith search to determine whether the material it seeks to designate as confidential has been previously produced or otherwise become part of the public domain.

Interrogatory answers, responses to requests for production, responses to requests for admission, deposition transcripts or exhibits, pleadings, motions, affidavits, briefs, and summaries of confidential information or documents that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but to the extent feasible, must be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. "Confidential Material" means all such "Material" designated by any party as "Confidential—Subject to Protective Order."

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIA

4.1 <u>Basic Principles</u>. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this order.

Confidential Material must not be used for any business or any other purpose whatsoever. Confidential Material must not be given, shown, made available, or communicated in any way to anyone except those specified in this order, below in subparagraph 4.2, and Confidential Material may be disclosed only to the categories of persons and under the conditions described in this order.

      Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

      4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

          (a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

          (b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

          (c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have been provided with a copy of the order and have agreed to maintain the confidentiality of the Confidential Material;

          (d)     the Court, court personnel, and court reporters and their staff;

          (e)     copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions or court proceedings, witnesses in the litigation to whom disclosure is reasonably necessary and who have agreed not to disclose any Confidential Material to third parties. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) court reporters who take and transcribe testimony for use in this litigation;

(i) persons or entities to whom a party has a contractual, legal, or regulatory obligation to provide Confidential Material, including insurers, reinsurers, reinsurance intermediaries, retrocessionaries, regulators, retrocessionary accountants, and auditors of any party; and

(j) any person agreed to in writing by all parties or allowed by the Court.

4.3 <u>Filing Confidential Material</u>.

(a) Documents containing Confidential Material of any party must not be filed with the Court unless necessary for purposes of trial or substantive motions, including without limitation motions for preliminary injunction or summary judgment, or other court matters.

(b) Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet-and-confer process, the designating party must identify the basis for sealing the specific confidential information at issue and must provide a written statement of the basis to seal for inclusion in a motion to seal. The filing party must include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 15 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, must identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without the Court's involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without the Court's intervention, either party may file a motion with the Court for relief to remove or retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties must continue to maintain the material in question as confidential until the Court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Material, that party must:

        (a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

C19-1426-JCC
PAGE - 8

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this order. Such notification shall include a copy of this order; and

    (c)  reasonably cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties must confer on an appropriate non-waiver order under Federal Rule of Evidence 502.

10.  NONTERMINATION

  The parties and their attorneys agree that Confidential Material shall be protected even after the resolution of this litigation. Confidential Material retained by attorneys must continue to be held in confidence. Confidential Material provided to the parties must be returned to the producing party, disposed of via secure shredding, or provided to counsel for secure storage or

disposal. Attorney work product, including summaries of Confidential Material, and attorney-client privileged communications that include information obtained via Confidential Material shall continue to be protected from disclosure by this order until securely destroyed or deleted.

The confidentiality obligations imposed by this order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

IT IS SO ORDERED.

DATED this 14th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the stipulated protective order that was entered by the United States District Court, Western District of Washington on _____ in the case of *Perez v. Safeco Insurance Co. of America*, Case No. C19-1426-JCC (W.D. Wash. 2019). I agree to comply with and to be bound by all the terms of the order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the order to any person or entity except in strict compliance with the provisions of the order.

I further agree to submit to the jurisdiction of the United States District Court, Western District of Washington for the purpose of enforcing the terms of the order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____